City of West Palm Beach v. State of Florida et al.—Opinion of Court.

CITY OF WEST PALM BEACH, A MUNICIPAL CORPORATION, *Appellant*, v. THE STATE OF FLORIDA, AND EDWIN E. BECKER AND W. M. FARROW, INTERVENERS, *Appellees.*

En Banc.

Opinion Filed February 18, 1927.

1. The statutory proceedings for validating bonds to be issued by governmental subdivisions of the State, are *sui generis*, the purpose being to facilitate an adjudication as to the regularity of the steps taken to issue the bonds.

2. The proceedings must be in substantial compliance with the statutory requirements, or they are not authorized.

3. The statute providing for and regulating proceedings to validate bonds to be issued by governmental subdivisions or municipalities, makes provision for taking an appeal from the final decree to be rendered, but the statute does not authorize or contemplate an appeal from an interlocutory decree or order in the proceedings.

An Appeal from the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Interlocutory Appeal dismissed.

*R. S. Yeomans* and *P. H. Odom,* for Appellant;

*L. R. Baker* and *John Zeigler,* for Appellees.

PER CURIAM.—An appeal herein was taken to an interlocutory order made in a validation proceeding under the statute. Sec. 3296, Revised General Statutes, 1920.

The statutory proceeding for validating bonds to be issued by governmental subdivisions of the State, are *sui generis,* the purpose being to facilitate an adjudication as to the regularity of the steps taken to issue the bonds.

It is not a chancery proceeding, nor is it a proceeding at law that is known to the common law. The proceedings must be in substantial compliance with the statutory requirements, or they are not authorized.

The statute, Section 3298, Revised General Statutes, 1920, provides for an order giving notice of a hearing and also that ''at the time and place designated in said order, the Judge of said Circuit Court shall proceed to hear and determine all the questions of law and of fact in said cause and ''to render a final decree.'' Any taxpayer or citizen may become a party to said proceedings; and any party thereto, whether complainant, defendant or intervener, dissatisfied with the decree of the court, may appeal therefrom to the Supreme Court within twenty days, and upon the case being docketed in the Supreme Court such appeal shall be assigned for argument to be had within a period of thirty days. The procedure in all other respects shall be the same as in other Chancery cases.''

Considering the purposes of the Act to facilitate a final adjudication, these proceedings clearly contemplate that the appeal shall be from the ''final decree'' required to be rendered. The provision that the procedure in all other respects shall be as in other Chancery cases, has reference to other matters than the right of appeal that is covered and limited by the preceding provisions of the section.

Interlocutory Appeal dismissed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.