**STATE OF FLORIDA and THE TAXPAYERS, PROPERTY OWNERS and CITIZENS OF SAID CITY OF SARASOTA, INCLUDING NON-RESIDENTS, OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, v. CITY OF SARASOTA, a municipal corporation.**

17 So. (2nd) 109                                January Term, 1944
March 7, 1944                                           Division B

*Clyde H. Wilson,* for appellant.

*C. L. McKaig* and *Masslich* and *Mitchell* (New York), for appellee.

BROWN, J.:

This is an appeal from a decree of the Circuit Court of the 12th Judicial Circuit, in and for Sarasota County, entered January 28, 1944, validating the issuance of certain refunding bonds, issued by the City of Sarasota.

Appellant raises but two questions. The first is, in our opinion, answered by the previous decisions of this Court, which decisions support the chancellor's decree on that question.

The second question, which is a new one in this jurisdiction, relates to a matter of procedure. The petition for validation was filed December 7, 1943, and on that day an order entitled "notice and order to show cause," directed to the State of Florida and the property owners and tax payers, was entered by the Court, pursuant to Section 75.05 Florida Statutes 1941. Seven days later, on December 14, 1943, counsel for petitioner discovered that there had been an error or irregularity in the first newspaper publication of the notice and order to show cause, and moved the court to vacate said order and enter another order in its stead. This motion was granted and another notice and order to show cause was entered by the court on that day—December 14, 1943, and a copy thereof served upon the State Attorney on December 15, 1943. Proof of publication under the court's second order was duly filed, and the answer and objections of the State Attorney to the petition were promptly filed on January 14, 1944. No intervenors or tax payers made any appearance in the case. The contention of the State Attorney on behalf

of the appellant here is that the court below was without authority or jurisdiction to make and enter the second order above referred to without the filing and presentation of a new petition, and that this alleged error rendered all subsequent proceedings, including the final decree, erroneous and nugatory. It is not contended that the order was not properly drawn, or that its provisions failed in any respect to measure up to the requirements of the statute.

Section 75.05 Florida Statutes reads in part as follows:

"75.05 Rule nisi and service.—The judge of the circuit court, wherein the petition is filed, shall, upon the filing and presentation thereof, make and issue an order in general terms in the form of a notice directed against the State of Florida and against the several property owners, taxpayers, citizens and others having or claiming any right, title or interest in property to be affected by said issuance of bonds or certificates, or to be affected in any way thereby, requiring, in general terms and without naming them, all such persons, and the State of Florida through its state attorney or attorneys of the circuits wherein said county, municipality or district lies, to appeal at a time and place within the circuit wherein the petition is filed, to be designated in such order, and show cause why the prayers of the petition should not be granted and the proceedings and bonds or certificates validated and confirmed as therein prayed."

It is argued that the statute limits the time for the making of the order to show cause to the time when the petition is filed and presented. Undoubtedly the general rule in this jurisdiction is that the provisions of constructive service statutes must be substantially complied with. However, the purpose of Section 75.05 was fully carried out in this instance. Upon the filing of the petition, one of the judges of the circuit court made an order to show cause, in the form of a notice, as required by the statute. This was on December 7, 1943. In the order, the date set for the hearing on the petition was January 7, 1944, and it was ordered that at least thirty days prior to that day the clerk should cause a copy of the notice and order to be published in a certain newspaper published in the City of Sarasota, in said County and State, once each

week for three consecutive weeks, commencing with the first publication, and the last publication not to be more than eighteen days prior to the date set for the hearing. In order to comply with Sec. 75.06 F.S. 1941, it was necessary that a copy of this notice and order to show cause, be first published not later than December 8, the thirtieth day before the return day, and that such publication be continued in the two weeks immediately following, that is on December 15th and 22nd. But as above stated, on account of an irregularity in the first publication, the court on December 14, 1943, vacated its order of December 7th and entered a new order identical in language with the vacated order except for the change in the date of the hearing from the seventh day of January to the fourteenth day of January, 1944, one week later. This new notice and order to show cause was published in the designated newspaper on December 15th, 22nd and 29th, 1943, and was served on the State Attorney on December 15, 1943. The cause came on for hearing on January 14, 1944 at 10 o'clock a.m. at the time and place fixed in the notice and order to show cause, and testimony was taken. Thereafter on January 27th, 1944 the court entered its decree of validation.

The first section of the validating statute, Section 75.01 confers power and jurisdiction on the circuit courts in this State to take cognizance, try and determine proceedings for the validation of the bonds and *all matters connected therewith.*

Statutory proceedings for the validation of bonds are remedial in their nature, the purposes being to facilitate an adjudication as to the regularity and validity of the steps taken to issue the bonds. The proceedings must in substance be in compliance with the statutory requirements. City of West Palm Beach v. State, 93 Fla. 335, 111 So. 640.

Our validation statute was adopted largely from the Georgia statute on the same subject. Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253. Prior to the adoption of our Florida validation statute, the Supreme Court of Georgia passed upon the question here presented. In Oliver v. City of Elberton, 124 Ga. 64, 52 S. E. 15, it was contended that as the notice of the time and place set for the

hearing of the petition to validate the bonds had been published only once, instead of twice as required by the Georgia statute, when the time arrived the court was without jurisdiction and could not continue the hearing or require proper publication to be made, but the Supreme Court of Georgia held that the court was not without jurisdiction of the cause and could rightfully continue the hearing to another time and require proper publication to be made.

The jurisdiction of the court was invoked by the filing of the petition in the proper court, and jurisdiction of the parties was subsequently obtained by compliance with the provisions of Section 75.05 and 75.06 F.S. 1941, even though the first order was vacated and a subsequent order entered which complied with the statutory provisions referred to. If we understand the contention of the State Attorney correctly, it is that the court, upon discovering the irregularity in the publication of the notice and order of December 7, 1943, should have dismissed the proceedings and required the petitioner to file a new petition, although it may have been a verbatim copy of the original petition. We do not see how any good purpose could have been subserved by following such a course, which would only have resulted in loss of time and additional expense. The record shows that the proper order was made upon the filing and presentation of the petition and the second order only became necessary because of some irregularity in the publication of notice in the newspaper. But even if the irregularity had been in the order itself, it is well settled that courts of general jurisdiction have authority to correct their orders, judgments and decrees during the term at which they were rendered, or before they have become final and absolute under the statute.

While it is most forcefully and plausibly argued that under said Section 75.05 the court can only render the order of notice and to show cause "upon the filing and presentation" of the petition, as stated in the statute, our view is that a reasonable interpretation of this language should be accorded by the courts. If when such a petition is filed and presented, the judge should suddenly become ill or should be called out of the county on some urgent matter before he could prepare

and enter the order of notice and to show cause, could it be said that upon his return a few days later he could not then proceed to enter such an order, in spite of the broad language of Section 75.01 hereinabove referred to? We think not. The statute does not use the word "immediately upon." Indeed, we are quite sure that any careful circuit judge would want to take enough time to read the petition and satisfy himself that the jurisdiction of his court had been properly invoked by the petitioner before preparing and entering an order for notice and to show cause under Section 75.05. Furthermore, there is some language in Section 75.07 F.S. 1941 which tends to bear out our view on this question. It is therein provided that:

"At the time and place designated in the order for hearing, provided for in Section 75.05, the judge shall proceed to hear and determine all questions of law and fact in said cause, and may make such orders as to the proceedings and such adjournments as will enable him to properly try and determine the same and to render a final decree therein with the least possible delay."

Our conclusion is that the circuit judge followed a very sensible and reasonable course in this matter and that his action with reference thereto was a substantial compliance with the statute and certainly with its purpose and intent.

The decree appealed from is hereby

Affirmed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.