TERRELL, Justice.
At the general election held November 4, 1952, the people of Florida approved Section 18 of Article XII of the Constitution, F.S.A., sometimes designated School Capital Outlay Amendment. Section 18 (a) provides for the creation of a fund to administer said amendment, the pertinent part of which is as follows:
“§ 18. (a) Beginning January 1, 1953, and for thirty years thereafter, the first proceeds of the revenues derived from the licensing of motor vehicles to the extent necessary to comply with the provisions of this amendment, shall, as collected, be placed monthly in the County Capital Outlay and Debt Service School Fund in the State Treasury, and used only as provided in this Amendment. Such revenue shall be distributed annually among the several counties in the ratio of the number of instruction units in each county and each year computed as provided herein.”
Other portions of Section 18(a) provide for the administration and distribution of the funds arising under the amendment. Section 18(b), among other things, authorizes the State Board of Education to issue bonds or motor vehicle tax anticipation certificates to fund or refund any bonds or motor vehicle tax anticipation certificates so issued. No such bonds or motor vehicle tax anticipation certificates shall be issued until requested by resolution of a county Board or Boards of Public Instruction of the county where they are to be used and when issued the State Board of Education shall prescribe the rate of interest they bear “not exceeding four per cent per annum,” the manner said bonds shall be distributed, including a sinking fund to pay them as they mature. Other portions of Section 18 are unimportant to this case, except paragraph (e) relating to investment of the sinking fund which is as follows:
“(e) The State Board may invest any sinking fund or funds created pursuant to this Amendment in direct obligations of the United States of America or in the bonds or motor vehicle tax anticipation certificates, matured or to mature, issued by the State Board on behalf of the Board of Public Instruction of any county.”
Pursuant to said amendment the Boards of Public Instruction of the following counties, on the dates indicated, adopted resolutions requesting the State Board of Education to issue bonds or Motor Vehicle Tax Anticipation Certificates in amounts stated to finance the cost of Capital Outlay projects for school purposes in said counties, payable solely from the motor vehicle license taxes distributable to said counties under the School Capital Outlay Amendment;
April 7, 1953, Palm Beach County $2,000,000.
April 2, 1953, Lake County $1,400,000.
April 2, 1953, Hillsborough County $4,000,000.
April 4, 1953, Volusia County $1,870,000.
April 2, 1953, Leon County $1,500,000.
April 16, 1953, Broward County $2,230,000.
April 3, 1953, Orange County $2,000,000.
In response to these requests the State Board of Education adopted the appropriate resolution on July 7, 1953, authorizing the issuance of said bonds in the amounts requested as to each and every one of said counties.
We are confronted with a decree of the Circuit Court of Leon County validating said bonds aggregating $15,000,000. No question is raised as to sufficiency of the petition to validate, the sufficiency of the notice, or the sufficiency of other proceedings incident to the validation decree.
It is first contended that Section 3.02 of the resolution of petitioner to validate said bonds is violative of Section 75.04, Florida Statutes, F.S.A., in that it authorizes issuance of State School Bonds on behalf of the respective counties, bearing interest at not exceeding four per cent per annum.
Section 75.04, Florida Statutes, F.S.A., among other things, provides that “the petition for validation of bonds shall briefly set out * .* * the interest they are to bear”. The petition to validate provides that the bonds shall bear a rate of interest not exceeding four per cent. Appellant *629 contends that the exact rate of interest should be stated in the resolution and that a flexible rate as thus stated or in the manner stated is vague, unsatifactory, and indefinite. City of Ft. Myers v. State, 95 Fla. 704, 117 So. 97; State ex rel. Harrington v. City of Pompano, 136 Fla. 730, 188 So. 610; City of West Palm Beach v. State, 93 Fla. 335, 111 So. 640 and other cases are relied on to support this contention.
We do not think there is any merit to this contention. The cases relied on have to do with validation proceedings but they do not even remotely deal with the question raised in this case. It may be admitted that one of the primary purposes of validation is to facilitate the marketing and sale of the bonds, but that has no relation to the recitation of the interest rate they bear in the petition to validate. Reciting the maximum rate of interest satisfies the requirement of Section 75.04, Florida Statutes, F.S.A. Aside from this, the petition to validate uses the words of the constitutional amendment, which would appear to be ample. Haines City of Certain Lands, 130 Fla. 379, 178 So. 143; State v. City of Miami, Fla., 41 So.2d 888.
We are next confronted with (1) the question of whether or not the provisions of Section 18, Article XII of the Constitution relating to investment of the sinking fund arising from the amendment is permissive or mandatory. (2) Are the provisions of Section 4.04, resolution of the petition to validate, attached to the petition as Exhibits A-l to G-l, inclusive, in all respects proper and in accordance with law?
Inspection of paragraph (e) Section 18 of Article XII discloses the manner in which the sinking fund arising pursuant to paragraph (a) of Section 18 should be invested. It appears admitted that paragraph (e) is controlling as to the manner of such investment. Appellant contends that in view of paragraph (a) the selection of one of the types of investment recited in paragraph (e) as the sole source of investment is in contravention of the terms of Section 18, Article XII of the Constitution.
It is our view that paragraph (e), Section 18, Article XII, provides for alternative methods of investing the sinking fund, either of which may be pursued without violating the constitution. We are also of the view that petitioner elected to exercise its discretion in the manner authorized. We find nothing wrong or irregular with Section 4.04 of the resolution authorizing the issuance of the bonds in behalf of the respective counties as detailed in the forepart of this opinion. Hanson v. State, Fla., 56 So.2d 129; State ex rel. Bie v. Swope, 159 Fla. 18, 30 So.2d 748 and Gaulden v. Kirk, Fla., 47 So.2d 567. After all is said the terms of paragraph (e) are so clear that it does not need explanation.
It is last contended that the issuance of said bonds violates Section 6, Article IX and other provisions of the constitution.
This contention is based on the assumption that the state will be required to pay the interest and principal of the bonds should the motor vehicle license taxes be insufficient to. do so. Such a contention is in the teeth of other provisions of Section 6, Article IX of the Constitution which limits the purposes for which state bonds may be issued. The bonds in question are a new and different class of bonds issued by the State Board of Education under Section 18, Article XII of the Constitution and the funds arising from the administration of that Section are the sole means for discharging them. The bondholder has no claim against the state for their payment. Paragraph (b), Section 18, Article XII, provides in terms that no election of freeholders shall be required to approve said bonds.
The face of the bonds and the proceedings authorizing them define the source of payment which is from the motor vehicle tax arising under Section 18, Article XII, and no other source. State v. Florida *630 State Improvement Commission, 160 Fla. 230, 34 So.2d 443, is a complete answer to the contention of appellant on this question. See also State v. City of Winter Park, 160 Fla. 330, 34 So.2d 740; State v. State Board of Administration, 157 Fla. 360, 25 So.2d 880 and State v. City of Pensacola, Fla., 40 So.2d 569.
The decree appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C. J., and THOMAS, SEBRING, PIOBSON, MATHEWS and DREW, JJ., concur.