TERRELL, Justice.
Pursuant to Section 18, Article XII, Constitution of Florida, F.S.A., hereinafter referred to as School Capital Outlay Amendment, the State Board of Education on behalf of the counties of Alachua, Brevard, Escambia, Manatee, Okaloosa, Pasco, St. Lucie, Santa Rosa and Sarasota, proposes to issue bonds or motor vehicle tax anticipation certificates, payable solely from the motor vehicle license taxes distributable to the counties of the State of Florida under terms, conditions and provisions contained in said School Capital Outlay Amendment, for the purpose of financing the cost of ■capital outlay projects for school purposes. The School Capital Outlay Amendment provides elaborate means to accomplish the purpose outlined and since its provisions have heretofore been considered and are not assaulted here, we discuss only the provision attacked.
The Boards of Public Instruction of the counties enumerated herein each adopted the appropriate resolution requesting the issuance of the amount of bonds set out in said petitions to finance the cost of capital outlay projects proposed for school purposes in said counties. Petition to validate each and all of said proposed issues of State School Bonds, Series B, in the aggregate amount of $2,930,000, was presented to the Circuit Court of Leon County, June 18, 1956, The court after taking testimony and hearing arguments, promulgated a final decree validating the bonds and proceedings authorizing their issue. This appeal is from the final decree of validation.
The sole point for determination is whether or not the provisions of Chapter 29626, Acts of 1955, F.S.A. § 236.602, relating to computation of instructional units in future school fiscal years, are violative of the School Capital Outlay Amendment and is the covenant contained in Section 6.03 of each of the resolutions of petitioner, attached to the petition as Exhibits A-l to I — 1, inclusive, illegal and void? Section 6.03 containing said covenant is as follows:
“Covenant As To Instruction Units. The State Board covenants that pursuant to the provisions of Section 18 of Article XII of the Constitution of Florida and Chapter 29,626, Laws of Florida, Acts of 1955, the aggregate number of instruction units in the County of -, Florida, in any future school fiscal year, as long as the principal of and interest on the Bonds authorized herein shall be outstanding and unpaid, shall not be less than the aggregate number of instruction units in such County for the school fiscal year immediately preceding the school fiscal year in which the Bonds author *33 ized herein shall be issued, to the full extent necessary to pay all the principal of and interest on the Bonds issued pursuant to this resolution and all other obligations of the State Board heretofore or hereafter issued pursuant to said Section 18 of Article XII of the Constitution of Florida, for and on behalf of the Board of Public Instruction of - County, Florida.”
Appellants contend that Chapter 29626, Acts of 1955, violates the provisions of the School Capital Outlay Amendment in that said act establishes a new minimum number of instruction units that may be a basis of computation for any county in any given year hereafter. Appellee agrees that Chapter 29626, Acts of 1955, defines a new “floor” for the purpose of computing instruction units in future fiscal years but denies that the change violates the provisions of the School Capital Outlay Amendment.
The answer to the controversy turns on the interpretation of subsection (a) of the School Capital Outlay Amendment as follows :
“The number of instruction units in each county in each year for the purposes of this Amendment shall be the greater of, (1) the number of instruction units in each county for the school fiscal year 1951-52, computed in the manner heretofore or hereafter provided by general law, or (2) the number of instruction units in such county for the preceding school fiscal year computed in the manner heretofore or hereafter provided by general law and approved by the State Board of Education * * *.”
It is perfectly obvious from the language quoted that subsection (a), School Capital Outlay Amendment, provided alternative methods of computing instruction units. The provision, “in the manner heretofore or hereafter provided by general law,” contemplates that the number of instruction units was subject to change and the legislature was empowered to take cognizance of the change from time to time and provide a new basis of computation. It was common knowledge that the number of instruction units in each county in the years to come would exceed the number for the fiscal year 1951-52, hence it provided that the manner of computation be left to the legislature. If by chance they were less than for the fiscal year 1951-52, the legislature could take cognizance of and regulate that.
Chapter 29626, Acts of 1955, providing a new minimum of instruction units, was enacted pursuant to the language last quoted to accommodate the unit situation in future fiscal years and enlarge the security for the bonds sought to be validated. In the large it was designed to provide more adequate school facilities for the growing population of the state and should be construed to facilitate that purpose.
In furtherance of their purpose subsection (b) of the School Capital Outlay Amendment authorizes petitioner to make agreements with the bondholders when issued concerning their security and further provides that such agreements constitute irrevocable contracts with said holders. In subsection (a) said amendment provides that the number of instruction units in each county for the preceding school year computed in the manner provided by general law be approved by the State Board of Education which has in all respects complied with this requirement by the adoption of a resolution on May 15, 1956, approving all the provisions of Chapter 29626, Acts of 1955. It follows that there was both constitutional and statutory authority for the agreement contained in Section 6.03 of each resolution.
Casual reading of Section 2, Chapter 29626, aiid subsection (f) of the amendment clearly discloses that the primary purpose of the act and the amendment was to strengthen the security of the bonds or certificates issued pursuant to the amendment. It is also clear from the act that there was no purpose to impair the rights of the secur *34 ity holders. Increase in the minimum instruction units is effective only to the extent necessary to service the securities when and if issued so the rights of such holders are strengthened rather than impaired.
It follows that Chapter 29626, Acts of 1955, was a valid enactment, that it was authorized by subsection (a), School Capital Outlay Amendment and that the covenants contained in Section 6.03, of each resolution attached to the petition as Exhibits A — 1 to 1-1, inclusive, are in all respects legal and valid, so the judgment appealed from is affirmed.
Affirmed.
DREW, C. J., and THOMAS, HOB-SON, THORNAL and O’CONNELL, JJ., concur.
ROBERTS, J., not participating.