O’CONNELL, Justice.
The appellant, John J. Kearney, appeals from a final decree validating electric and water revenue certificates of the City of Fort Pierce.
Appellant, who appeared as an objector in the validation proceedings in the trial court, raises two questions.
First, appellant contends that “the City did not prove by competent evidence the material allegations of its petition.” By this question the appellant raises the sufficiency of the City’s evidence to show that the earnings of the electric and water system would be adequate to retire the subject issue of certificates and other certificates previously issued.
The record reveals that the City offered adequate evidence to sustain the allegations of the petition and no evidence was offered to the contrary.
There is no merit to the appellant’s first point.
The second and only other question raised by appellant is that the publication of notice of the rule nisi, or order to show cause, did not comply with Sec. 75.06, F.S.A.
This statute requires that a copy of the order or rule nisi be published “ * * * once each week for three consecutive weeks, commencing with the first publication, which shall not be less than eighteen days prior to the date set for hearing * *
The order to show cause in this case was published on August 30th, September 6th and September 13th, 1963 and required all objectors to show cause at a hearing to be held on September 27th, 1963.
Appellant argues that the statute must be construed to mean that the first publication of the required notice must be had at least thirty days prior to the hearing date in order that the last of the three publications will be at least eighteen days prior to the hearing. He cites State v. Sarasota, 1944, 154 Fla. 250, 17 So.2d 109 as authority for his position.
As it existed when the case of State v. Sarasota, supra, was decided Sec. 75.06 warranted the interpretation given in that case, but the statute was thereafter amended to its present quite different verbiage which makes the decision in the case of State v. Sarasota inapplicable and appellant’s position untenable.
Insofar as pertinent here the statute as it now exists, and existed in 1963, requires that the notice be published once each week for three consecutive weeks and that the first publication be at least eighteen days prior to the date set for the hearing. The notice under attack met these requirements.
For the reasons above explained the final decree appealed from is affirmed.
DREW, C. J., and THOMAS, CALDWELL and HOBSON (Ret.), JJ., concur.