ROBERTS, Justice.
This is an appeal from a decree of the Circuit Court of Okaloosa County, Florida, validating $1,575,000.00 certificates of indebtedness of the Board of Public Instruction of Okaloosa County.
By resolution the Okaloosa Board requested the State Board of Education of Florida to covenant and agree that the certificates of indebtedness to be issued by the County School Board under provisions of Chapter 67-1810, Laws of Florida, Special Acts of 1967, should be payable from and secured by a lien on and a pledge of the motor vehicle license tax funds accruing to Okaloosa County under Section 18 of Article XII of the Florida Constitution, F.S.A. The resolution recited that the certificates of indebtedness would also be further secured by a pledge of the uncommitted jai alai fronton and race track funds accruing to the County under F.S. Chapters 550 and 551, F.S.A. and by the County’s share of receipts from the Blackwater River State Forest under the provisions of F.S. § 589.-08, F.S.A. The State Board of Education adopted a resolution authorizing and providing for the issuance of said interest-bearing certificates of indebtedness in the aggregate amount not exceeding $1,-575,000.00 with certain requirements to insure that there would be sufficient funds accruing to Okaloosa County, to repay the principal and interest of such bonds without unduly burdening the finances of the local school system.
After the taking of testimony and introduction of evidence the Judge of the Circuit Court for Okaloosa County entered his Final Judgment holding, inter alia,
“The estimated Pledged Funds available to the County Board will be sufficient to pay the principal of and interest on said certificates in the jnanner provided in said resolution.
*724 The certificates are payable as to both principal and interest solely from and are secured by a prior lien upon and pledge of the portion of the state motor vehicle license taxes distributed annually to the County Board under the provisions of paragraphs (c) (3), (4) and (5), Section 18, Article XII of the Florida Constitution, Okaloosa County’s share of state forest receipts and a portion of the race track funds accruing to the County, all as defined under the term ‘Pledged Fund’ in the resolution of the County Board adopted June 4, 1968. Said certificates will not constitute a general indebtedness of the County Board or of Okaloosa County and no holder or holders of any of said certificates or of any coupons appertaining thereto shall ever have the right to compel the levy of ad valorem taxes to pay the certificates of the interest thereon. Said certificates shall not constitute a lien upon any property in or of Okaloosa County, Florida, but shall constitute a lien only upon the Pledged Funds, hereinabove described.” (Emphasis supplied.)
Appellants contend that Section 6, Article IX, Florida Constitution requires that all bonds be approved by freeholders prior to their issuance and that inasmuch as no election has been held the certificates should not be validated. The State further contends that the pledged motor vehicle license taxes are a statewide tax authorized by Article XII of the Florida Constitution and the pledging by the County School Board of a portion of these taxes pursuant to Chapter 67-1810, Laws of 1967, is contrary to public policy.
It appears that there is no merit to either contention of the appellant for it has long been held that no election of the freeholders is necessary if the certificates of indebtedness or revenue certificates are payable from excise taxes or sources other than ad valorem taxes. State v. Tampa Sports Authority, Fla., 188 So.2d 795; State v. City of Homestead, Fla., 59 So.2d 742; Klein v. City of New Smyrna Beach, Fla., 152 So.2d 466, and further, there is direct statutory and constitutional authority in the county to pledge such motor vehicle license tax funds as may he allocated to it in the manner followed in these proceedings. See Section 18, Article XII, Constitution of Florida, and F.S. Section 236.611 F.S.A. and also State v. State Board of Education, Fla., 67 So.2d 627, and State v. State Board of Education, 89 So.2d 31.
We have examined the record and considered all questions presented and no error having been made to appear, the decree of validation of the trial judge is
Affirmed.
CALDWELL, C. J., and DREW, THOR-NAL and ERVIN, JJ., concur.