PER CURIAM.
The appellant was tried before a jury and convicted of (1) breaking and entering a dwelling with intent to commit grand larceny, (2) grand larceny and (3) robbery. He was sentenced therefor to imprisonment for five years, fifteen years and twenty-five years respectively, to be served concurrently. The defendant filed a timely motion for a new trial on the ground of incompetent handling of his case by his privately employed attorney. On July 19, 1973, the trial court granted the motion and entered an order vacating the judgment and granting a new trial. The state did not appeal.
Thirty-one days after the order granting new trial the state filed a motion for rehearing directed thereto. The court entertained the motion, and following hearing thereon vacated the order for new trial, thereby reinstating the judgment of conviction. The defendant appealed.
We find error, and reverse. The rules of criminal procedure do not make provision for the filing of a motion for rehearing of such an order. The time within which motions for rehearing may be filed in trial courts, where such motions are provided for, is ten days (Rule 1.530(b) FRCP, 31 F.S.A.). By analogy, the time within which a motion for new trial may be filed in a criminal case is four days, or such greater time as the court may allow not to exceed fifteen days after the verdict or finding of the court. Rule 3.590(a) CrPR, 33 F.S.A. Here the court was without jurisdiction to vacate the order for new trial on the state’s motion for rehearing which was unauthorized and untimely.
The order appealed from is reversed, and the order granting new trial is reinstated.
It is so ordered.