314 So.2d 136 (1975)
STATE of Florida, Petitioner,
v.
Ollis BURTON, Respondent.
No. 45668.
Supreme Court of Florida.
June 4, 1975.
*137 Robert L. Shevin, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., for petitioner.
Albert R. Wilber, Jr., Sp. Asst. Public Defender, for respondent.
DREW (Ret.), Judge.
Burton was convicted of manslaughter. His timely motion for new trial was predicated on alleged new and material evidence established by an affidavit of a purported eye witness. The trial court granted the motion based wholly upon the sworn facts set forth in such affidavit. Three days later the State moved the court for a rehearing and to set aside its order granting such new trial and to reinstate the jury verdict. Evidence was taken orally before the court, following which the trial court vacated the previous order granting a new trial. This latter order is predicated upon a finding by the trial court that the facts disclosed in the affidavit attached to the original motion for new trial which the court accepted as true, were basically false and that such false statements constituted a fraud practiced on the court. The court said:
"John H. Buckner testified that he did not know what it means to lie under oath. He testified he lied in the affidavit. He testified that some portions of the affidavit were true and some were not true. He testified that he did not see those matters set forth in paragraph eight of the affidavit and as to paragraph nine of the affidavit, he testified that it did not happen. (It must be noted that paragraphs eight and nine are the most important paragraphs in the entire affidavit.)
"He testified paragraph twelve was wrong; paragraph seventeen was not his words and paragraph twenty-four was not true. He did not understand paragraph twenty-eight and admitted paragraphs sixteen and twenty-one."
On appeal, the District Court reversed, stating that when a motion for new trial is granted or denied "absent fraud or clerical error" (emphasis added) "the court is without authority to entertain or consider a petition for re-hearing addressed to such an order".
We have difficulty understanding the reversal by the District Court in the light of its correct conclusion which we have underscored. The trial court's order granting the new trial in the first instance was the product of fraud practiced on the Court. This is crystal clear from the record. It was not a case of the court changing its mind or attempting to correct an error in the usual sense. It was a plain case of producing a judicial act by fraudulent representations to the Judge. Any order so produced, as noted by the learned Judge who wrote for the District Court, may be recalled and set aside at any time. Both parties here seem to agree that this is true as to civil cases but for some reason not applicable to criminal cases. We see no reason why the cases are not equally applicable to all judicial acts.

*138 "As between the parties any judgment or order procured from any court by the practice of fraud or deception may, in appropriate proceedings, be set aside at any time". Ramagli Realty Co. v. Craver, Fla., 121 So.2d 648, 19 Fla.Juris. Voidable Adjudications Sec. 382 and cases there cited. Anderson v. State, 267 So.2d 8 (Fla. 1972), Alabama Hotel Co. v. Mott, 86 Fla. 608, 98 So. 825 (1924).
Under the common law, any court of record had absolute control over its orders, decrees, etc., and could amend, vacate, modify or change them at any time during the term at which rendered. Control now is in the courts during the period allowed by the rules of court, terms (as used in common law) having been abandoned. But this restriction does not apply to such orders, judgments or decrees which are the product of fraud, collusion, deceit, mistake, etc. Such may be vacated, modified, opened or otherwise acted upon at any time. This is an inherent power of courts of record, and one essential to insure the true administration of justice and the orderly function of the judicial process.
This case is a classic example of the wisdom of such a rule. The trial court said it would not have acted as it did in granting a new trial had the truth been presented to him. Must the fact that he acted on false testimony render him helpless to remedy the wrong which has occurred and to put justice back on the track? We hold it does not. He not only had the power to act but the clear duty to do so.
It is suggested in the opinion below that the remedy to the State would be an appeal. But how? On appeal the false affidavit would have to be accepted as true. What would the State then assign as error? Obviously such an appeal would be futile, and would be no remedy at all. The District Court's concern that such procedure could, like Tennyson's brook result in post trial procedures "flowing on forever", doesn't seem to us to be well founded. We are concerned not with the correction of errors in the trial of cases, or a trial court changing its mind, but with the power of a court to protect itself and the true administration of justice from fraud practiced upon it.
Certiorari is granted, the decision of the District Court of Appeal being in direct conflict with the holding in the cases of this Court heretofore cited is hereby vacated with directions to affirm the trial court's order of September 11, 1972, denying a new trial and setting aside its previous order granting one.
It is so ordered.
ADKINS, C.J., ROBERTS, McCAIN and OVERTON, JJ., and ANDERSON and SIEGENDORF, Circuit Judges, concur.