359 So.2d 478 (1978)
The STATE of Florida, Appellant,
v.
Stephen Marco MORRIS, Appellee.
No. GG-498.
District Court of Appeal of Florida, First District.
May 4, 1978.
Rehearing Denied June 8, 1978.
*479 Robert L. Shevin, Atty. Gen., Patti Englander, Asst. Atty. Gen., Stephen L. Boyles, State's Atty., and John V. Doyle, Asst. State's Atty., for appellant.
Dan R. Warren of Judge & Warren, Daytona Beach, for appellee.
BOOTH, Judge.
This cause is before us on appeal from the order of the Circuit Court, Volusia County, granting appellee a new trial. The question presented is whether the trial court, after denial of a motion for new trial, has jurisdiction to consider any further motions in the nature of rehearing of motion for new trial in the absence of allegations of fraud or clerical error.
Appellee, defendant below, was tried and convicted by jury on June 17, 1976 of unlawful possession of a controlled substance and unlawful sale or delivery of a controlled substance. On June 24, 1976, appellee timely filed a motion for new trial. The court heard argument on the merits and, on December 2, 1976, entered its order denying motion for new trial. Thereafter, on December 14, 1976 appellee filed a "Petition for Rehearing" seeking to have the court rehear defendant's motion for a new trial. That motion was denied by order of the court on March 15, 1977.
On April 18, 1977 appellee filed a "Renewal of Motion for Judgment of Acquittal" in which appellee sought to have the court enter a judgment of acquittal or, in the alternative, grant the previously prayed for motion for new trial. After hearing, the court entered an order granting appellee a new trial on July 26, 1977.
On appeal to this Court, the State contends that in the absence of allegations of fraud or clerical error, the court was without jurisdiction to entertain the motions for rehearing of the previously denied motion for new trial. We agree.
The jurisdiction of the trial court terminates with the denial of a motion for new trial, and the court may not entertain a petition for rehearing of a motion for new trial, in the absence of certain critical allegations such as fraud or clerical error. State v. Burton, 314 So.2d 136 (Fla. 1975).
In the instant case the order of the court granting a new trial is expressly based on the court's discovery of a new decision of the United States Supreme Court. A similar basis for reconsideration of a motion for new trial, after its previous denial, was held improper in Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492 (4th DCA 1975). In the Fiber Crete case, as here, the grant of new trial was based on the court's discovery of a new case, after the court had denied a previously filed motion for new trial. The trial court in Fiber Crete purported to act under Rule 1.540, Florida Rules of Civil Procedure, which allows the court to vacate judgment on the grounds of, inter alia, "mistake, inadvertence, surprise or excusable neglect." The District Court in that case correctly held that:
"Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error . . As was observed in Weymer, supra, `a decision is inadvertent if it is the result of oversight, neglect or accident as distinguished from judicial error'.
It appears that the trial court's sua sponte order (after its denial of rehearing) was an effort on its part to grant relief from a final judgment because of what the trial court perceived to be a judicial error as distinguished from `mistake, inadvertence, surprise or excusable neglect'. To sanction such a modification of Rule 1.540(b) would not only be contrary to the purpose of that rule, but, additionally, would adversely affect the concept of `finality' of any judgment or order."
To like effect are decisions in Volumes in Value, Inc. v. Buy Mail International, Inc., 177 So.2d 511 (Fla.3d DCA 1965) and DePadro v. Moore, 215 So.2d 27 (4th DCA 1968).
*480 In the DePadro case the court stated the rule as follows:
"When the trial court has considered on its merits a timely motion for new trial, and thereafter enters its order denying such motion, the court has no authority to entertain or consider a subsequently filed motion or petition for rehearing which merely asks the court to reconsider the same matter ..."
Appellant argues, however, that the rule in civil cases should not be applied in criminal cases. That argument goes against the Supreme Court decision in Burton, supra, which cites and relies on civil cases in stating the rule, and Schaffer v. State, 296 So.2d 569 (3d DCA 1974), cert. denied 303 So.2d 25 (Fla. 1974). In Schaffer, a defendant's timely motion for new trial was granted. Subsequently, the State filed a motion for rehearing which the trial court entertained and granted, vacating the order granting a new trial. On appeal the District Court reversed and reinstated the new trial order holding that the court was without jurisdiction to vacate the order for new trial.
Judicial error or "mistake" is a matter for appeal, in criminal as well as civil cases. The trial court's jurisdiction must and does terminate with denial of motion for new trial.
Accordingly, the order of the trial court granting a new trial in this case is REVERSED and the cause REMANDED with directions to enter judgment in accordance with the jury verdict.
MILLS, Acting C.J., and ERVIN, J., concur.