GLICKSTEIN, Judge.
This is an appeal by the state from an order which granted the defendant’s motion to dismiss for lack of jurisdiction and discharged the defendant. We affirm.
The trial court originally entered an order of dismissal because of the state’s failure to file a timely traverse to the defendant’s sworn motion to dismiss. The state then filed a motion for rehearing which was heard on March 13, 1985, but not ruled upon that day. On March 14, 1985, the state filed a notice of appeal, which it voluntarily dismissed the following day. On March 20, 1985, the trial court granted the state’s motion for rehearing, finding that the defendant had not been prejudiced by the late filing of the traverse, and reinstating the charges against the defendant, who then filed a motion to dismiss, which led to the order now being appealed.
As the state concedes, there is nothing in the Rules of Criminal Procedure which provides for a motion for rehearing from an order granting a defendant’s sworn motion to dismiss, unlike Florida Rule of Civil Procedure 1.530(a) which permits rehearing following entry of an order of summary judgment. The state argues, nevertheless, that the trial court had jurisdiction to consider its motion for rehearing on the au *711 thority of State v. Burton, 314 So.2d 136 (Fla.1975).
We disagree. Burton involved the trial court’s inherent right to correct an order which was entered as the result of fraud, collusion, deceit, mistake or the like. Here, any mistake was a change of mind by the trial judge on a question of law, i.e. a mistake of law, for want of a better description. Nothing decided since Burton that we have located authorizes such reconsideration. The reason we have not found such authority may well lie in State v. Morris, 359 So.2d 478 (Fla. 1st DCA 1978), which observed that judicial error is not oversight, neglect or accident; and to permit a trial court to continue to correct judicial error after conclusion of a matter would adversely affect the finality of a judgment. Clearly the matter can be corrected in the future, if the supreme court wishes, by an addition to the Florida Rules of Criminal Procedure.
Florida Rule of Appellate Procedure 9.020(g) authorizes the delay of rendition by timely, authorized and listed motions, according to the committee note. As things now stand, no such motion exists.
DOWNEY and ANSTEAD, JJ., concur.