SCHWARTZ, Chief Judge.
When this DUI case was called for trial in the Dade County Court, the assigned prosecutor represented that he could not proceed in the apparent absence of certain witnesses and unsuccessfully moved for a continuance. The trial judge thereupon entered a written order dismissing the case for lack of prosecution and the defendant Acosta and his attorney left the courtroom. Immediately thereafter, however, a civilian witness who had been present came forward and, in essence, talked the judge into going on with the case and “setting aside” the dismissal — an oral ruling which was later confirmed in writing on the state’s motion and adhered to notwithstanding the court’s acknowledgment to defense counsel that there were “no grounds” to justify that relief. At a reset trial date, which was still within the speedy trial time, Acosta pled nolo contendere, reserving the right to an appellate challenge of the order va- *339 eating the dismissal. Upon that appeal the circuit court affirmed, but we grant the defendant’s instant petition for certiorari and quash that determination.
In the absence of fraud, mistake, inadvertence, misconduct or the like, see State v. Burton, 314 So.2d 136 (Fla.1975), none of which admittedly exist here, there is no authority in the criminal rules or otherwise for the trial court to reconsider the correctness of the final disposition adverse to the state of a criminal prosecution.[1] State v. Alvarez, 492 So.2d 710 (Fla. 4th DCA 1986), review denied, 504 So.2d 768 (Fla.1987), correctly so holds in the entirely indistinguishable instance of an order granting a sworn motion to dismiss. Accord State v. Morris, 359 So.2d 478 (Fla. 1st DCA 1978), cert, denied, 365 So.2d 713 (Fla.1978). The county court therefore acted without jurisdiction in setting aside its duly entered order of dismissal and in proceeding against the defendant thereafter. The circuit court’s affirmance of the subsequent conviction was a clear departure from the essential requirements of the law and is consequently quashed with directions to order the county court to dismiss the cause.
Certiorari granted.

. In a situation like this, the prosecutor’s sole method of review is an appeal of the original order of dismissal. In addition, subject to any limitations or speedy trial problems, the case may be refiled.