HERSEY, Chief Judge.
The state appeals from an order granting a motion to dismiss under rule 3.190(c)(4), Florida Rules of Criminal Procedure. We reverse and remand.
Appellee, Juleo Lopez, filed a motion to dismiss to which the state filed an untimely traverse. The motion to dismiss was subsequently denied.
The case later came before the court again for a status check. After reviewing the file the court determined that its original denial of appellee’s motion to dismiss had been in error, permitted counsel for appellee to renew his motion to dismiss and granted the renewed motion.
The state argues that the order granting the renewed motion to dismiss is erroneous on three separate grounds: 1) judicial error is not a sufficient basis for a court to reconsider and change a final order; 2) the court should have permitted the traverse to the original motion to be considered as a traverse to the renewed motion; and 3) there was insufficient notice to the state that the motion would be renewed and reheard.
Appellee argues, on the other hand, that all orders of the court are subject to review and revision by the court during the term at which the order is rendered and that the ruling here is supported by the fact that, the traverse was untimely under rule 3.190(d), Florida Rules of Criminal Procedure.
The first issue framed by the conflicting contentions of the parties, briefly paraphrased above, is whether the court had the power to change its ruling. The state correctly asserts that the power of a court to change a final disposition is narrowly restricted by the rules and case law. See, e.g., State v. Burton, 314 So.2d 136 (Fla.1975); State v. Morris, 359 So.2d 478 (Fla. 1st DCA), cert. denied, 365 So.2d 713 (Fla.1978).
*1009 The reasoning in Burton has recently been explained in Booker v. State, 503 So.2d 888, 889 (Fla.1987), in which the supreme court stated that “Burton stands for the proposition that an order procured by fraud upon the court, including an order denying a motion for post-conviction relief, may be set aside at any time.” See also Acosta v. State, 515 So.2d 338 (Fla. 3d DCA 1987) (in the absence of fraud, mistake, inadvertence, misconduct or the like, there is no authority for a trial court to reconsider the correctness of a final disposition).
This court addressed a similar situation in State v. Alvarez, 492 So.2d 710 (Fla. 4th DCA1986), rev. denied, 504 So.2d 768 (Fla.1987). The trial court had originally entered an order of dismissal because of the state’s failure to file a timely traverse to the defendant’s sworn motion to dismiss. Later, the trial court granted the state’s motion for rehearing finding that the defendant had not been prejudiced by the late filing of the traverse. This court acknowledged Burton but held that the trial judge simply changed his mind; it was not a case involving fraud, collusion or deceit and Burton did not authorize reconsideration of an order based on this sort of “mistake.”
Appellee supports his equally cogent argument with the following proposition:
All orders of the court, however, [sic] conclusive are under the control of the court which pronounces them during the term at which they are rendered or entered of record and the court has the inherent power on its own motion to get [sic] aside, vacate, modify, or annul them. Lawyers Co-Operative Publishing Co. v. Williams, 149 Fla. 390, 5 So.2d 871 (1942); State v. Sarasota, 154 Fla. 250, 17 So.2d 109, 111 (1944).
The conflict between these positions is resolved by examination of the order from which this appeal is taken. An order dismissing a case constitutes a final disposition of the matter; however, an order denying a motion to dismiss has none of the properties of a final order. Thus the court had the power to rethink its original position and grant the motion.
Appellee’s next argument, that the order is supportable on the basis that the state’s traverse was not timely filed, relies on State v. Rodriguez, 505 So.2d 628 (Fla. 3d DCA 1987), quashed on other grounds, 523 So.2d 1141 (Fla.1988). The state understandably takes a contrary position and maintains that the traverse should have been considered as standing over as a traverse to the renewed motion. We think the state has the better of this argument. While the traverse may have been untimely as to the original motion, it certainly was not untimely as to the motion as it was renewed at the status conference. We cannot tell from the record whether the trial court so considered it or whether it was not considered at all.
Finally, it is clear that the state was given no notice that the motion to dismiss would be renewed, argued and disposed of at the status conference. For lack of such notice to the state, therefore, and to permit the trial court to reconsider the motion to dismiss in light of the traverse, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.