PER CURIAM.
Lawrence Kilbourn appeals the order reinstating his probation. The State concedes error.
In 2000, Kilbourn entered a plea to attempted sexual battery in exchange for a sentence of ten years’ imprisonment followed by five years’ sex-offender probation. The trial court ordered that Kilb-ourn’s sentence run consecutive to his five-year sentence in a federal case. However, Kilbourn served his Florida state prison term first and was then transferred to federal prison, from which he was released on August 15, 2012.
In March 2011, the Florida Department of Corrections filed an affidavit of violation of probation alleging that Kilbourn failed to submit to a sex-offender evaluation and failed to pay court costs. When Kilbourn was released from federal prison, he turned himself in to the Manatee County jail on the violation of probation warrant.
*724 At the probation violation hearing, the State conceded both that Kilbourn was never released on sex-offender probation and that his violation of probation was not willful because it was alleged to have occurred while he was in federal prison and not able to comply with the conditions of his probation. The State announced that it had no objection to a dismissal of the affidavit of violation of probation, and the trial court announced that it would dismiss the affidavit. An order of dismissal was entered in open court stating that Kilb-ourris probation was terminated.
Subsequently, the State filed a rule 3.800(b) motion to correct sentencing error arguing that Kilbourn’s probationary term was tolled while he was in federal prison. See Weeks v. State, 496 So.2d 942, 944 (Fla. 2d DCA 1986) (holding that a probationary period is tolled while the probationer is in prison in another jurisdiction and is not under probationary supervision in Florida). After a hearing on the motion, the trial court reinstated Kilbourn’s probation to comply with the intent of the original sentencing court.
In this appeal, Kilbourn argues, and the State concedes, that the State’s rule 3.800(b) motion was not authorized because it did not benefit Kilbourn or correct a scrivener’s error. See Fla. R.Crim. P. 3.800(b) (“Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.”); Linnon v. State, 988 So.2d 70, 73 (Fla. 2d DCA 2008).
The State also concedes that the trial court lacked jurisdiction to reinstate Kilb-ourn’s probation because the order of dismissal terminating Kilbourn’s probation was not affected with extrinsic fraud and the order therefore divested the trial court of jurisdiction over him. See Driscoll v. State, 538 So.2d 1283, 1285-86 (Fla. 1st DCA 1989) (holding that an order discharging a defendant from community control is a final order terminating the state’s jurisdiction unless it is affected with extrinsic fraud). And the State notes that the reimposition of probation violated Kilb-ourn’s double jeopardy rights. See Lippman v. State, 633 So.2d 1061, 1064 (Fla. 1994).
Accordingly, we reverse with directions for the trial court to vacate the order reinstating Kilbourn’s probation.
KHOUZAM, CRENSHAW, and SLEET, JJ., Concur.