477 So.2d 984 (1985)
STATE of Florida, Petitioner,
v.
John T. CREWS, Judge, Respondent.
No. 67699.
Supreme Court of Florida.
September 27, 1985.
Rehearing Denied November 19, 1985.
Jim Smith, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for petitioner.
John T. Crews, Circuit Judge, pro se.
James E. Coleman, Jr., Marian E. Lindberg and Jeffrey D. Robinson of Wilmer, Cutler and Pickering, Washington, D.C., for Stephen Todd Booker.
ADKINS, Acting Chief Justice.
We have before us the state's application for writ of prohibition and motion to vacate stay. On September 26, 1985, the trial court granted Stephen Todd Booker's motion for an evidentiary hearing and ordered a stay of execution. We deny the state's application for writ of prohibition and motion to vacate stay.
On November 8, 1983, Booker filed a motion for post-conviction relief in the trial court. Booker raised the claim of ineffective assistance of trial counsel. The trial court granted an evidentiary hearing. Following the hearing, the trial court denied Booker's claim for relief. Upon appeal, we affirmed the trial court's order. Booker v. State, 441 So.2d 148 (Fla. 1983).
The state asserts that Booker's motion is an "abuse of the post-conviction process" because it is his second motion for post-conviction relief filed in the state court system. See Smith v. State, 453 So.2d 388 (Fla. 1984). We disagree. State v. Burton, 314 So.2d 136 (Fla. 1975), is controlling. In Burton, we held that since facts disclosed in an affidavit attached to original motion for new trial and accepted as true were basically false and such false statements constituted fraud practiced on the court, the court had authority to entertain a petition for rehearing and vacate a new trial order. In this instance, the trial court concluded that testimony produced at the hearing for post-conviction relief on November 14, 1983, was false and constituted a fraud on the court. As a result, the trial court had authority to entertain defendant's motion in post-conviction relief.
The trial court did not err in granting defendant an evidentiary hearing on the claim of ineffective assistance of counsel. The movant is entitled to an evidentiary hearing unless the motion or files *985 and records in the case conclusively show that the movant is entitled to no relief. O'Callaghan v. State, 461 So.2d 1354, 1355 (Fla. 1984) (citations omitted).
The state has failed to show an abuse of the trial court's discretion in finding that the files and records of the case do not conclusively show that the defendant is entitled to no relief on that ground.
Accordingly, we deny the state's application for writ of prohibition and motion to vacate stay.
It is so ordered.
OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.