503 So.2d 888 (1987)
Stephen Todd BOOKER, Appellant,
v.
STATE of Florida, Appellee.
No. 68239.
Supreme Court of Florida.
January 5, 1987.
Rehearing Denied March 23, 1987.
James E. Coleman, Jr. and Jeffrey D. Robinson of Wilmer, Cutler and Pickering, Washington, D.C., Marian E. Lindberg of Kornstein, Veisz and Wexler, New York City and Jeffrey S. Weiner of Weiner, Robbins, Tunkey and Ross, P.A., Miami, for appellant.
Jim Smith, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
Stephen Todd Booker appeals an order denying his motion to vacate and set aside a previous order denying post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution and affirm the order of the trial court.
Booker was convicted of first-degree murder, sexual battery and burglary and sentenced to death. We have previously affirmed Booker's conviction and sentence, Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981), denied his initial motion for post-conviction relief, Booker v. State, 413 So.2d 756 (Fla. 1982), and denied his second motion for post-conviction relief. Booker v. State, 441 So.2d 148 (Fla. 1983).
In September 1985, Booker moved the trial court to reopen the hearing on his second motion for post-conviction relief in which the court rejected his claim of ineffective assistance of trial counsel. Booker now alleges that the order denying relief must be reopened because it was based upon fraudulent testimony. Specifically, Booker contends that trial counsel's testimony indicating that he had relied exclusively on two court-appointed psychiatrists to determine whether there was evidence of mental mitigating factors constituted a fraud upon the court. The trial court ordered an evidentiary hearing on the motion, and we refused to find that the trial court abused its discretion. State v. Crews, 477 So.2d 984 *889 (Fla. 1985). The trial court then held an evidentiary hearing and denied all relief. We now affirm that order.
Booker alleges that State v. Burton, 314 So.2d 136 (Fla. 1975), mandates that we reopen the hearing on his second motion for post-conviction relief. In Burton, we held that because facts disclosed in an affidavit attached to a previously granted motion for new trial and accepted as true were false, and because such false statements constituted fraud practiced on the court, the court had authority to consider a petition for rehearing and vacate a new trial order. Thus, Burton stands for the proposition that an order procured by fraud upon the court, including an order denying a motion for post-conviction relief, may be set aside at any time. See also State v. Morris, 359 So.2d 478 (Fla. 1st DCA), cert. denied, 365 So.2d 713 (Fla. 1978).
We agree with the trial court that Booker has failed to meet his burden of establishing that fraud upon the court was committed. An evidentiary hearing on the issue of fraud was held in January 1986. At the hearing, the oral testimony of the two psychiatrists who evaluated Booker prior to his sentencing was presented. The psychiatrists were asked if they had been instructed by trial counsel to evaluate Booker for the presence of mental mitigating factors. Both doctors testified that they could not recall if they were aware of the existence of statutory mitigating factors at the time of Booker's trial. The testimony of the psychiatrists does not prove that any facts found to be true in the November 1983 evidentiary hearing were basically false. Burton, 314 So.2d at 137. Indeed, the doctors' testimony does not controvert trial counsel's testimony that he had relied exclusively on the two psychiatrists to determine whether there was evidence of mental mitigating factors. We refuse to grant Booker's motion to reopen the 1983 3.850 proceeding in light of Booker's failure to prove that fraud upon the court had occurred.
Booker's contention that our previous statement in State v. Crews, 477 So.2d at 984, that "the trial court concluded that testimony produced at the hearing for post-conviction relief on November 14, 1983, was false and constituted a fraud on the court," requires us to find trial counsel's testimony fraudulent is without merit. In a corrected order issued subsequent to Crews, the trial court stated that a finding of fraud was never made and the evidentiary hearing would be limited to the sole issue of whether a fraud on the court was committed at the November 1983 hearing. We now refuse to alter the trial court's order rejecting Booker's allegation of fraud.
Having dismissed Booker's allegation of fraud practiced on the court, the trial court concluded that the instant motion constitutes an abusive successive motion for post-conviction relief raising the same claim of ineffective assistance of counsel. Florida Rule of Criminal Procedure 3.850 provides, in part:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
We have previously denied Booker's claim of ineffective assistance of trial counsel. Booker, 441 So.2d at 150-152. Hence, Booker's motion constitutes an abuse of the procedure to the extent that it asserts a claim of ineffective assistance of counsel. Christopher v. State, 489 So.2d 22 (Fla. 1986). Further, motions to set aside orders denying prior motions to vacate a sentence under Rule 3.850 cannot be used to circumvent the limitations on successive motions set forth in the rule.
Accordingly, we affirm the trial court's order finding that Booker failed to prove the requisite fraud to support his motion to set aside the previous order denying post-conviction relief, and that the instant motion constitutes an abuse of procedure with *890 Rule 3.850 to the extent that it alleges ineffective assistance of counsel.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.