538 So.2d 445 (1989)
Theodore Robert BUNDY, Appellant,
v.
STATE of Florida, Appellee.
No. 73585.
Supreme Court of Florida.
January 20, 1989.
*446 James E. Coleman, Jr. and Polly J. Nelson of Wilmer, Cutler and Pickering, Washington, D.C., for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Mark C. Menser and Gary L. Printy, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Theodore Robert Bundy, a prisoner under sentence of death and execution warrant, appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief and his application for stay of execution. We have jurisdiction under article V, section 3(b)(1), of the Florida Constitution.
Bundy was convicted of the first-degree murder of twelve-year-old Kimberly Leach and sentenced to death. The conviction and sentence were affirmed by this Court in Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986). After the governor signed a death warrant, Bundy filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which was denied. This Court affirmed and at the same time denied a petition for writ of habeas corpus. Bundy v. State, 497 So.2d 1209 (Fla. 1986). Bundy then filed a petition for habeas corpus in federal district court, which was also denied. However, the court of appeals stayed Bundy's execution pending appeal from the denial of his petition for habeas corpus. Bundy v. Wainwright, 805 F.2d 948 (11th Cir.1986). That court later directed the district court to hold an evidentiary hearing on Bundy's claim that he was incompetent to stand trial. Bundy v. Dugger, 816 F.2d 564 (11th Cir.), cert. denied, ___ U.S. ___, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). After holding such a hearing, the district court ruled that Bundy "was at all times competent to stand trial for the murder of Kimberly Diane Leach." Bundy v. Dugger, 675 F. Supp. 622, 635 (M.D.Fla. 1987). This order was affirmed by the court of appeals in Bundy v. Dugger, 850 F.2d 1402 (11th Cir.1988). The United States Supreme Court denied Bundy's petition for writ of certiorari. Bundy v. Dugger, ___ U.S. ___, 109 S.Ct. 849, 102 L.Ed.2d 980 (1989). On January 17, 1989, the governor signed a second death warrant and scheduled Bundy's execution for January 24, 1989.
On January 17, 1989, Bundy filed his new motion in the trial court, together with an application for stay of execution. Because he was the judge at Bundy's trial, Circuit Judge Wallace Jopling, now retired, was assigned to hear the motions. However, Bundy filed a motion to recuse Judge Jopling, which was granted. Thus, Circuit Judge John W. Peach heard Bundy's motions. After a review of the pleadings and listening to the argument of counsel, the trial court granted the state's motion to dismiss and denied Bundy's motion for an evidentiary hearing and application for stay of execution.
All of Bundy's claims are related to his convictions for the Chi Omega killings which were affirmed by this Court in Bundy v. State, 455 So.2d 330 (Fla. 1984), cert. denied, 476 U.S. 1109, 106 S.Ct. 1958, 90 L.Ed.2d 366 (1986). The trial on the Chi Omega case took place several months before the Kimberly Leach trial. While those convictions and sentence of death remain intact, the court of appeals has also directed the federal district court to conduct an evidentiary hearing on Bundy's claim that he was incompetent during the Chi Omega trial. See Bundy v. Dugger, 816 F.2d at 568.
Bundy's first claim is that the trial court should have held a hearing concerning Bundy's competency, particularly in view of Bundy's rejection of a proposed plea agreement which would have spared his life. Notwithstanding the fact that after an evidentiary hearing the federal courts have concluded that Bundy was competent, he argues that the testimony of Judge Jopling given at the federal court hearing that there was no need for a competency hearing was flawed because it was based in part upon his knowledge that Bundy had been found competent in a full hearing in the Chi Omega case, and the validity of this finding remains in question in federal district court.
*447 Bundy's claim is procedurally barred because he failed to raise the issue on direct appeal. Alvord v. State, 396 So.2d 184 (Fla. 1981). Furthermore, Bundy did raise the issue of his mental competence in his earlier unsuccessful motion for postconviction relief. Thus, the reassertion of this claim constitutes an abuse of process. Booker v. State, 503 So.2d 888 (Fla. 1987).
This claim is also barred by the provisions of rule 3.850 which require motions for postconviction relief to be filed within two years after the judgment and sentence become final (1) unless the facts upon which the claim is predicated are unknown and could not have been reasonably ascertained, or (2) the fundamental constitutional right asserted was not established within the applicable time period and has been held to apply retroactively. Bundy's conviction and sentence became final when the United States Supreme Court denied his petition for certiorari on October 14, 1986. Hence, this claim should have been raised by October 14, 1988, providing it was known. Judge Jopling testified at the federal court competency hearing in December of 1987. Therefore, Bundy had at least ten months before the expiration of the two-year period within which to raise the claim but failed to do so. Johnson v. State, 536 So.2d 1009 (Fla. Dec. 1, 1988).
Bundy's second claim relates to the validity of the Chi Omega convictions which were used in part as a basis for the finding of the aggravated circumstance that Bundy had committed prior violent felonies. He says that the Chi Omega convictions may be set aside in the pending federal court proceedings. Under such circumstances, he argues that he would be entitled to resentencing pursuant to the rationale of Johnson v. Mississippi, ___ U.S. ___, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988).
This claim is procedurally barred for failure to raise it on direct appeal or in the first motion for postconviction relief. It is also barred by the two-year provision of rule 3.850. At Bundy's trial, his attorney asserted that the Utah conviction could not be used to support any aggravating factors because they were not proven. In his first rule 3.850 motion, Bundy attacked the competence of his trial attorney for failing to challenge the constitutionality of both his Utah and Florida convictions so as to eliminate aggravating factors. Citing United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), Bundy argued that the reliance upon his prior convictions meant that his death sentence was predicated upon "misinformation of constitutional magnitude." Therefore, Bundy has long been aware that he could challenge his death sentence by challenging the validity of his prior convictions, even though Johnson v. Mississippi had not yet been decided.
In any event, and in the alternative, Johnson v. Mississippi provides no basis for relief in this case. In Johnson v. Mississippi, the defendant's death sentence was set aside because his New York assault conviction, which was the entire predicate for the aggravating circumstance of a prior violent felony, had been reversed. Here, the validity of Bundy's Utah conviction of aggravated kidnapping, which was also considered as a basis for the finding of a prior violent felony, has not been challenged. See Straight v. State, 488 So.2d 530 (Fla. 1986). Moreover, there were two other valid aggravating circumstances which were unaffected by the Chi Omega convictions and a complete absence of mitigating circumstances. Finally, it must be remembered that his Chi Omega convictions have been final for several years and have not been set aside. The fact that these convictions are being attacked in collateral proceedings does not entitle Bundy to relief.
Finally, Bundy argues that his right to a fair sentencing pursuant to Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), was violated because during his trial Judge Jopling and the prosecutors had ex parte communications about the Chi Omega competency hearing and Bundy's mental condition. He asserts that this first came to light in the federal court evidentiary hearing concerning Bundy's competency to stand trial for the Leach *448 killing. Once again, Bundy has failed to timely raise his claim under rule 3.850 because he knew of Judge Jopling's testimony ten months before the expiration of the time in which he was required to file his motion for postconviction relief.
Even if there were no procedural bar, the pertinent portions of the record belie Bundy's contentions. The predicate for Bundy's assertion comes from Judge Jopling's testimony that at the trial he may have heard about some of the details of the Chi Omega competency hearing from the state attorney, though he was uncertain of this. There was a specific reference to a medical report of Dr. Tanay which was part of that proceeding. However, it is clear from the record of the original trial that Judge Jopling received Dr. Tanay's report from Bundy's counsel. Moreover, at sentencing Judge Jopling specifically announced that he had "considered no evidence or factors in imposing the penalty herein and has no information not disclosed to the Appellant or his counsel which the Appellant has not had an opportunity to deny or explain." The remaining assertions that Judge Jopling improperly received ex parte communications concerning the Chi Omega competency hearings consist of nothing more than conclusory statements drawn from generalized responses made by the judge at the federal court hearing which took place eight years after the trial.
We affirm the order denying Bundy's motion for postconviction relief and Bundy's application for stay of execution. We also deny his application for stay of execution filed in this Court. No petition for rehearing shall be permitted.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., concurs specially with an opinion with which KOGAN, J., concurs.
BARKETT, Justice, specially concurring.
I would resolve this case solely on the merits, and, on that basis, agree with the Court that under our law appellant is not entitled to relief on the claims asserted.
KOGAN, J., concurs.