564 So.2d 191 (1990)
STATE of Florida, Appellant,
v.
James Powell GLOVER, Appellee.
No. 89-793.
District Court of Appeal of Florida, Fifth District.
June 28, 1990.
*192 Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellant.
Mark L. Horwitz of Law Offices of Mark L. Horwitz, P.A., Orlando, for appellee.
COWART, Judge.
The defendant, a twice convicted felon, charged with aggravated battery, presented only his testimony to support his claim of self defense. He was convicted and his newly obtained counsel filed a timely motion for new trial and a timely amendment to that motion. Thereafter he filed an untimely motion for leave to file a second amended motion for a new trial with an affidavit attached executed by an allegedly newly discovered witness, David DiVirgilio. The court denied the motion for new trial. The defendant filed a motion for rehearing which was denied. The defendant filed a second motion for rehearing with an affidavit attached executed by a second allegedly newly discovered witness, Valerie Murray. The State moved to strike the second motion for rehearing. Before sentencing, an evidentiary hearing was held and at the conclusion thereof, the court denied the State's motion to strike and granted the defendant a new trial.
The State appeals and argues that the trial court was without jurisdiction to consider an untimely second or subsequent motion for new trial filed after the expiration of the ten-day period provided in Florida Rule of Criminal Procedure 3.590(a), and was without jurisdiction to consider a motion for rehearing after entry of an order denying a timely motion for new trial, citing State v. Morris, 359 So.2d 478 (Fla. 1st DCA 1978), cert. denied, 365 So.2d 713 (Fla. 1978). See also Booker v. State, 503 So.2d 888 (Fla. 1987) and State v. Snyder, 453 So.2d 546 (Fla. 3d DCA 1984).
In addition to considering their affidavits, the trial court in this case heard the proffered testimony of both of the found witnesses, who corroborated the defendant's testimony that he was not the aggressor and that the victim had a knife, and concluded that the testimony of Valerie Murray was credible and that under the circumstances of this case if the jury believed her the defendant would probably be found not guilty.
Does the trial judge's conclusion mean that the original order denying a new trial was obtained by fraud? The original order denying a new trial was based on the testimony of the State's witnesses at the trial. If the testimony of the newly discovered defense witnesses is true, then some of the testimony of the State's witnesses at trial was false.
False testimony given in court in a civil case constitutes intrinsic fraud, DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1974), and is generally held insufficient to justify post-judgment relief.
The question in this case is whether false testimony given against a defendant in a criminal trial constitutes the type of fraud referred to in Booker v. State, 503 So.2d 888 (Fla. 1987), State v. Burton, 314 So.2d 136 (Fla. 1975) and State v. Morris, as allowing a trial court to reconsider its ruling on an order despite the apparent loss of jurisdiction.
In State v. Burton, the supreme court held that where facts disclosed in an affidavit attached to a motion for new trial were false, such false statements constituted fraud practiced on the court and the court had authority to entertain a petition for rehearing and vacate its order granting a new trial. In State v. Crews, 477 So.2d 984 *193 (Fla. 1985), the supreme court explained that since the trial court concluded certain testimony produced at a hearing for post-conviction relief in 1983 was false and constituted a fraud on the court, the court had authority to consider defendant's second motion for post-conviction relief.
In Driscoll v. State, 538 So.2d 1283 (Fla. 1st DCA 1989) and Thompson v. Crawford, 479 So.2d 169 (Fla. 3d DCA 1985), district courts held that false pleadings or testimony in criminal cases are in the nature of intrinsic fraud and the trial court is without jurisdiction to revisit final orders entered in reliance thereon. However, it is important to note that in both cases it was the State that sought to set aside fraudulently induced orders and not a defendant facing incarceration who was seeking relief from the result of false testimony.
Irrespective of the treatment of such an order in a civil context, a final order procured by fraudulent testimony against a defendant in a criminal case is deserving of no protection, and due process requires that he be given every opportunity to expose the fraud and obtain relief from it.
Based on the language contained in State v. Burton and repeated in State v. Crews and Booker v. State and in accordance with the principles that direct that appellate courts give great respect to factual findings of trial courts and that the rules of procedure be construed to provide for the just determination of every criminal proceeding,[1] the order granting a new trial is
AFFIRMED.
DANIEL, C.J., and GRIFFIN, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.020.