606 So.2d 1247 (1992)
Ronnie L. BANNISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2332.
District Court of Appeal of Florida, Fifth District.
October 23, 1992.
*1248 Ronnie L. Bannister, pro se.
No appearance for appellee.
PETERSON, Judge.
Ronnie L. Bannister appeals the summary denial of his Rule 3.850 motion for post-conviction relief. He filed his motion on July 30, 1992, and alleged that his 1976 conviction for dealing in stolen property should be set aside since his guilty plea was not made knowingly with a full understanding of his waiver of constitutional rights. Although he never appealed that judgment and the four-year sentence imposed, he now understands the importance of his prior conviction since it was used lately to enhance a sentence that he is now serving.
Rule 3.850 requires that motions for post-conviction relief be filed within two years after the judgment and sentence became final. Prisoners whose judgments and sentences became final prior to January 1, 1985, were given until January 1, 1987, to file their motions. There are three exceptions to the limitations period: (1) a claim of illegal sentence; (2) a claim of newly discovered evidence; (3) a claim based on a fundamental change in the law held to apply retroactively. See Bundy v. State, 538 So.2d 445 (Fla. 1989). Although Bannister acknowledges that his sentence ended in 1980, Florida courts have held that the custody requirement of Rule 3.850 is met if a defendant's prior judgment and completed sentence is used to enhance a current sentence. See, e.g., Wall v. State, 525 So.2d 486 (Fla. 1st DCA 1988); Shell v. State, 501 So.2d 1332 (Fla. 2d DCA 1987). However, none of the opinions in those cases indicate that the 3.850 motions were filed after the expiration of the two-year statute of limitations, and we will not create a fourth exception to the rule by allowing a prior conviction and sentence to be attacked beyond the two-year period when they have been used to enhance a current sentence.
The trial court properly denied Bannister's 3.850 motion filed more than sixteen years after his judgment and sentence became final, since it was barred by the two-year limitation period.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.