673 So.2d 580 (1996)
Michael Edward HOWARTH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2669.
District Court of Appeal of Florida, Fifth District.
May 24, 1996.
*581 Michael Edward Howarth, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Michael E. Howarth appeals the trial court's summary denial of his petition for writ of error coram nobis. We affirm.
In 1987, Mr. Howarth entered pleas of guilty to charges of forgery, uttering a forgery, and dealing in stolen property. When he was later convicted of another felony, these 1987 convictions were used to qualify him as an habitual offender. He is currently serving the habitual offender sentence. Mr. Howarth filed a petition for writ of error coram nobis challenging his habitual offender status. In so doing, he requested that his *582 1987 convictions be vacated because the trial court failed to obtain a sufficient factual basis to support his plea as required by Florida Rule of Criminal Procedure 3.172(a), and his attorney was ineffective in not objecting to this deficiency. The trial court deemed the petition for writ of error coram nobis to be a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, and summarily denied it as time barred.
We note initially that the trial court's decision to treat Mr. Howarth's petition as a motion for post-conviction relief under rule 3.850 was correct. Rule 3.850 has, to a large extent, supplanted the writ of error coram nobis remedy. Error coram nobis is now available only to defendants challenging the validity of sentences for which they are no longer in custody. See Richardson v. State, 546 So.2d 1037 (Fla. 1989). But if a defendant's prior conviction is used to enhance a current sentence, the defendant is considered to be in custody for purposes of post-conviction relief. See Bannister v. State, 606 So.2d 1247 (Fla. 5th DCA 1992). See also Duenas v. State, 636 So.2d 549 (Fla. 2d DCA 1994); McArthur v. State, 597 So.2d 406 (Fla. 1st DCA 1992). Since Mr. Howarth is challenging the validity of his 1987 convictions in an effort to avoid enhancement of his current sentence, he is in custody for purposes of post-conviction review. Thus, his petition was properly considered under rule 3.850.
Next, we agree with the trial court that Mr. Howarth's request for relief was time barred. Rule 3.850(b) provides in relevant part:
A motion to vacate a sentence that exceeds the limit provided by law may be filed at any time. No other motion shall be filed or considered pursuant to the rule if filed more than 2 years after the judgment and sentence become final ...
In Bannister, Judge Peterson, writing for the court, noted that there are only three exceptions to this two-year limitation under the rule: (1) a claim of illegal sentence; (2) a claim of newly discovered evidence; and, (3) a claim based on a fundamental change in the law held to apply retroactively. Bannister v. State, 606 So.2d at 1248. None of these exceptions apply in the instant case.
In closing, we note that the instant record refutes Mr. Howarth's claim that the trial court failed to obtain a sufficient factual basis before accepting his 1987 pleas. The trial court, as a part of the plea colloquy, entered into a detailed discussion of the facts with defense counsel and Mr. Howarth. Prior to entering his pleas, Mr. Howarth announced through defense counsel that he believed the guilty pleas were in his best interest. At no time did Mr. Howarth voice any disagreement or indicate any reluctance in proceeding with the pleas. Thereafter, apparently satisfied with the outcome, Mr. Howarth proceeded with neither a direct appeal of his judgment and sentence, nor post-conviction relief under rule 3.850.
AFFIRMED.
PETERSON, C.J., and W. SHARP, J., concur.