696 So.2d 410 (1997)
Henry G. MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-876.
District Court of Appeal of Florida, Fifth District.
June 13, 1997.
Rehearing Denied July 10, 1997.
Henry G. Mitchell, Miami, pro se.
No appearance for Appellee.
W. SHARP, Judge.
Mitchell appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He argues that his plea to second-degree murder in 1979 and conviction, based on his plea, should now be overturned because of the Florida Supreme Court's recent decision of State v. Leroux, 689 So.2d 235 (Fla.1996). Mitchell was given a life sentence. We affirm.
In Leroux, the court held that a simple statement by a defendant during the plea colloquy that he or she freely and voluntarily, and without threat or promises, entered into a plea was not sufficient to conclusively refute a defendant's later claim that the plea was entered into because of false representations by trial counsel concerning eligibility for early release or actual time to be served in prison. Thus, the trial court's summary denial of Leroux's motion filed pursuant to rule 3.850 was erroneous, and the matter was referred back to the trial court for a hearing to determine if he in good faith relied upon misstatements of his trial counsel, in entering into the plea.
In Leroux, the appellant alleged that his trial counsel advised him he would actually be released from prison within four years because of his entitlement to gain time credits. After his incarceration, Leroux learned from the Department of Corrections that advice was erroneous and he would have to serve more than seven years in prison, prior to his release. In this case, Mitchell alleged *411 his trial counsel advised him the state would not seek a life sentence, and the most prison time he would get was fifteen to twenty years. However, the trial court sentenced him to life. In this current proceeding, the trial court summarily denied Mitchell's motion on the ground that Leroux is not retroactive.
We agree. Rule 3.850 provides an exception for its two-year time limit for raising claims, which involve fundamental constitutional rights not established until after the two-year time has run.[1] Like most cases, Leroux represents an "evolutionary refinement" in the criminal law,[2] not a change of constitutional dimension. Consequently, it does not merit retroactive application in a collateral proceeding brought after the two-year time limit has run. See State v. Spadaro, 556 So.2d 1119 (Fla.1990) (Carawan[3] double-jeopardy analysis does not merit retroactive application in a postconviction proceeding); McCuiston v. State, 534 So.2d 1144 (Fla.1988) (decision in Whitehead,[4] holding that status as habitual offender constitutes an invalid reason for upward departure, does not merit retroactive application in a postconviction proceeding); State v. Woodley, 695 So.2d 297 (Fla.1997) (change in law in Gray[5] re: attempted felony murder does not apply retroactively to those cases where the convictions had already become final before Gray's issuance).
AFFIRMED.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] See Bannister v. State, 606 So.2d 1247, 1248 (Fla. 5th DCA 1992). See also Bundy v. State, 538 So.2d 445 (Fla. 1989); Jones v. State, 591 So.2d 911 (Fla. 1991).
[2] Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). See also State v. Callaway, 658 So.2d 983 (Fla. 1995).
[3] Carawan v. State, 515 So.2d 161 (Fla. 1987).
[4] Whitehead v. State, 498 So.2d 863 (Fla. 1986).
[5] State v. Gray, 654 So.2d 552 (Fla. 1995).