696 So.2d 1301 (1997)
Jorge Felix LLERENA, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1709.
District Court of Appeal of Florida, Third District.
July 16, 1997.
*1302 Jorge Felix Llerena, in pro. per.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, GREEN and SORONDO, JJ.
COPE, Judge.
The question presented by this appeal is whether the Florida Supreme Court's decision in State v. Leroux, 689 So.2d 235 (Fla. 1996), is retroactive. We hold that it is not.
Defendant-appellant Jorge Felix Llerena entered a plea to multiple criminal charges and was sentenced. More than two years after the convictions became final, defendant filed his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He contends that he was given misadvice by his trial counsel regarding the amount of time he would actually serve in prison if he accepted the plea.
Defendant acknowledges that more than two years have expired since his convictions became final, but contends that his motion is timely because under Rule 3.850(b)(2), there is an exception to the two-year time limit if "the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively." Defendant asserts that Leroux is retroactive and that his 3.850 motion should be deemed timely because it was filed within two years after Leroux was decided.
We agree with the Fifth District Court of Appeal in that Leroux is not retroactive. Mitchell v. State, 696 So.2d 410 (Fla. 5th DCA 1997). The Mitchell court stated:
Rule 3.850 provides an exception for its two-year time limit for raising claims, which involve fundamental constitutional rights not established until after the two-year time has run. Like most cases, Leroux represents an "evolutionary refinement" in the criminal law, not a change of constitutional dimension. Consequently, it does not merit retroactive application in a collateral proceeding brought after the two-year time limit has run.
Id. at at 410 (citations and footnotes omitted).
The order denying the Rule 3.850 motion as untimely is affirmed.