NORTHCUTT, Judge.
Donald Magwood contends that the Florida Supreme Court’s decision in State v. Leroux, 689 So.2d 235 (Fla.1996), is retroactive. On that premise, he argues that his motion for posteonviction relief, filed more than two years after his conviction became final, nevertheless was timely because it was founded on Leroux. We disagree with Magwood’s premise, and affirm the summary denial of his motion.
Magwood entered a negotiated plea of nolo contendere to a criminal charge, was adjudicated guilty, and was sentenced to imprisonment. More than two years after the conviction became final, he filed a motion for posteonviction relief under Florida Rule of Criminal Procedure 3.850 in which he sought to withdraw his plea. Magwood alleged that his trial’ counsel was ineffective because he incorrectly advised Magwood about the amount of time he would serve in prison if he accepted the plea agreement.
Magwood cited Leroux in support of his motion. In that case the supreme court held that the defendant’s negative response to the sentencing judge’s question whether the defendant had been promised anything to induce his guilty plea did not conclusively refute the defendant’s entitlement to post- *616 conviction relief on the ground that his trial counsel had misadvised him about the amount of time he would serve in prison.
Although Magwood filed his motion beyond the two-year limitation imposed by rule 3.850(b), he maintained that his reliance on Leroux rendered his motion timely because rule 3.850(b)(2) makes an exception for motions alleging fundamental constitutional rights that were not established during the limitation period and that have been held to apply retroactively. The circuit court opined that Leroux is not retroactive, and summarily denied Magwood’s motion as untimely.
We agree with the circuit court, and with the Third and Fifth District Courts of Appeal, that Leroux made an evolutionary refinement in the criminal law, not a change of constitutional dimension. Therefore, it does not apply retroactively to posteonviction relief proceedings filed beyond the two-year limitation period. See Llerena v. State, 696 So.2d 1301 (Fla. 3d DCA 1997); Mitchell v. State, 696 So.2d 410 (Fla. 5th DCA 1997).
Affirmed.
CAMPBELL, A.C.J., and THREADGILL, J., concur.