THOMPSON, C.J.
Michael Edward Howarth appeals the trial court’s summary denial of his petition for writ of error coram nobis. We affirm.
On 21 August 1995, Howarth filed a petition for writ of error coram nobis alleging that in his prior case, there had been no factual basis for his pleas of guilty to forgery and uttering forged checks, and that these convictions were being used to habitualize him in an unrelated case. The trial court denied his petition on the ground that it was filed beyond the two-year period set forth in Rule 3.850, Florida Rules of Criminal Procedure. Howarth appealed, and this court affirmed, see Howarth v. State, 673 So.2d 580 (Fla. 5th DCA 1996). We held that the trial court was correct in treating Howarth’s petition as a time-barred 3.850 motion rather than a petition for writ of error coram nobis. We reasoned that Howarth was still “in custody” on the prior convictions because they were being used to enhance his current sentence. Cf. Richardson v. State, 546 So.2d 1037 (Fla.1989)(newly discovered evidence claims must be brought in 3.850 motion unless the defendant is not in custody).
On 9 March 2001, Howarth s.ought relief pursuant to Wood v. State, 750 So.2d 592 (Fla.1999), in which the court held that those adjudicated prior to its issuance had two years after its issuance within which to raise claims traditionally cognizable under coram nobis. Because we treated Ho-warth’s previous petition as an untimely 3.850 motion, we conclude that there is no procedural bar to Howarth’s bringing a legitimate claim under Wood. Nevertheless, the trial court did not err in denying relief.
First, Howarth’s contention that Wood requires an evidentiary hearing is incorrect. An evidentiary hearing is necessary only if the defendant sets forth a prima facie case for relief. Id. at 594 (quoting Hallman v. State, 371 So.2d 482 (Fla.1979)); see also Espinosa v. State, 785 So.2d 583, 584 (Fla. 3d DCA 2001).
A claim for relief traditionally cognizable by coram nobis must be based on facts which could not have been known by the trial court, the party, or counsel at the time of the trial:
The facts upon which the petition is based must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.
Wood, 750 So.2d at 593. A prima facie case for relief is not made by couching other claims in terms of newly discovered evidence or by characterizing previously known information as newly discovered. Howarth’s alleged newly discovered evidence — that when the checks were negotiated he did not know that his co-defendant was not authorized to use the checks — was known to Howarth by the time of the plea hearing, and Howarth’s counsel conveyed this assertion to the trial court.[1]
*353 Similarly, Howarth is not entitled to relief based on his claim that the trial court made an “independent legal determination” that, as Howarth puts it, “even though [Howarth] had no specific knowledge or intent of the crimes, he should have known.” Indeed, it appears that the court had difficulty in believing that Ho-warth did not know the checks were unauthorized.
Finally, Howarth seems to contend that his counsel was ineffective for failing to explain the elements of the crimes charged and that the court and defense counsel led him to believe that he was guilty although he had no knowledge of the illegal nature of the transactions. Howarth’s appellate brief states: “This newly discovered fact is central to counsel’s ineffectiveness for failing to properly explain the elements of the crime charged.” Claims of ineffective assistance of counsel are not errors of fact that are cognizable in a traditional petition for writ of error coram nobis. See Harris v. State, 829 So.2d 328, 329 (Fla. 3d DCA 2002) (although appellant labeled his petition as one for writ of error coram nobis, all of his allegations pertain to ineffective assistance of counsel in connection with pleas, and should have been made via a 3.850 motion; therefore, the trial court properly denied the petition as untimely).
The order summarily denying Howarth’s petition for relief is affirmed.
AFFIRMED.
GRIFFIN and SAWAYA, JJ„ concur.

. At the plea hearing, the trial court entered into a detailed discussion of the facts with defense counsel and Howarth. Defense counsel told the court in Howarth's presence that Howarth's co-defendant had given a sworn statement indicating that Howarth had no knowledge of the crime. Defense counsel stated that he and Howarth had discussed the case at great length, and that, despite the availability of "technical defenses,” Howarth decided that pleading guilty was in his best interest. As a result of the pleas, the state *353 dismissed a dealing in stolen property charge, and Howarth was sentenced to 180 days, with credit for 141 days served. The record is clear that Howarth's plea was knowing, voluntary, and supported by an adequate factual basis, as this court held in Howarth's previous appeal. See Howarth, 673 So.2d at 582.