919 So.2d 566 (2006)
Alberto Sust MEDINA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2222.
District Court of Appeal of Florida, Third District.
January 11, 2006.
*567 Alberto Sust Medina, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before GREEN, RAMIREZ, and ROTHENBERG, JJ.
PER CURIAM.
For the reasons stated in the detailed and thoughtful four-page order denying the motion for writ of error coram nobis, and/or to challenge the validity of prior conviction[s], we affirm. The order reads as follows:

ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS AND/OR TO CHALLENGE THE VALIDITY OF PRIOR CONVICTION[S]
THIS CAUSE having come before the Court upon Alberto Sust Medina's ("Petitioner-Defendant") Motion for Writ of Error Coram Nobis and/or to Challenge the Validity of Prior Conviction[s] ("Motion"), the Court hereby DENIES the Motion and finds:
Petitioner filed his Motion on June 13, 2005, alleging that the "court violated the movant's due process rights by not fully explaining to the movant the consequences of his plea and that by waiving a jury trial or exercising his substantive rights that such a waiver could be used for enhancement penalties in subsequent offenses." Motion p. 5. Petitioner contends that in 1995, he received an enhanced federal sentence based on his prior Miami-Dade county, Florida, state convictions and sentences, cases F88-39846B and F91-6141. On February 27, 1989, Petitioner was sentenced to withhold of adjudication and probation for the charges of attempted burglary of an occupied dwelling and possession of burglary tools in case F88-39846B. On [December 2, 1991], Petitioner was sentenced to one year probation for a charge of aggravated assault on a law enforcement officer in case F91-6141. Petitioner alleges that on March 29, 1995, these two previous sentences were used to enhance the federal sentence he received *568 from the Honorable Edward B. Davis U.S. District Judge. Motion p. 5.

APPLICABLE LAW
Defendant in this case has filed a "Petition for Writ of Coram Nobis." In Wood v. State, 750 So.2d 592 (Fla.1999), the Florida Supreme Court held that "[a] petition for writ of error coram nobis must satisfy the two-year limitation of rule 3.850." Id. at 594. The court also held that defendants adjudicated guilty prior to that decision had two years from the filing date of the decision, May 27, 1999, within which to file claims "traditionally cognizable under coram nobis." Id. at 595. Defendant Alberto Sust Medina filed his current Petition on June 13, 2005, challenging both of his convictions in Miami-Dade county cases F88-39846B and F91-6141. The Third District Court of Appeal has affirmed the denial of Petitioner's previous 3.850 motions. In case F88-39846B, the Court affirmed the denial of his 3.850 on June 28, 2002. In case F91-6141, the Court affirmed the denial of his 3.850 on October 5, 2001. See 3d DCA case docket 3D01-1037 and 3D01-2467. Accordingly, this Petition is untimely. If petitioner were raising this claim of ineffective assistance of counsel for the first time, his claim is time barred. See Wood, 750 So.2d at 594; Fla. R.Crim. P. 3.850(b).
In addition, Petitioner's claims do not satisfy the other requirements of the rule: Petitioner raises claims which are not traditionally recognized under writs of error coram nobis. The Supreme Court in Wood, citing to Hallman v. State, 371 So.2d 482 (Fla.1979), described the contours of the writ of error coram nobis, an ancient writ designed to correct judgments and sentences based on errors of fact, as ". . . [t]he function of a writ of error coram nobis is to correct errors of fact, not errors of law. The facts upon which the petition is based must have been unknown by the trial court or by counsel at the time of the trial, and it must appear that defendant or his counsel could not have known them by the used of diligence." Id. at 593.
In this case, Petitioner's claims are mostly based on ineffective assistance of counsel which ". . . are not errors of fact that are recognizable in a traditional petition for writ or error coram nobis." Howarth v. State, 843 So.2d 351, 353 (Fla. 5th DCA 2003). In Howarth, the court held that the petitioner was not entitled to coram nobis relief since allegedly newly discovered evidence was known to the petitioner by the time of the plea; and, the defendant was not entitled to a writ of error coram nobis for ineffective assistance of counsel, either. Although Howarth sought review within the two year period established by Wood, supra, the court held that where the defendant's counsel allegedly did not explain the elements of the crime to his client before he accepted a plea and the defendant asserted this fact as "newly discovered" evidence, ". . . claims of ineffective assistance of counsel are not errors of fact that are recognizable in a traditional petition of writ of error coram nobis." Id. at 353 (emphasis added) (citations omitted). The court also found that Howarth's plea was knowing, voluntary, and supported by an adequate factual basis. Id. at 352 citing to Howarth v. State, 673 So.2d at 582. See also Harris v. State, 829 So.2d 328 (Fla. 3d DCA 2002)(affirming the denial of a petition for writ of coram nobis as untimely filed). In Harris, The court held that "even though Harris labeled his petition as one for writ of error coram nobis, all of his allegations pertain to ineffective assistance of counsel in connection with pleas entered on December 8, 1987. The proper pleading which Harris should have filed was a motion *569 under rule 3.850, Florida Rules of Criminal procedure." Id. at 329. Thus, although the Petitioner would have had until May 27, 2001, to file his petition under Wood, his claims should be properly brought under a Fla. R.Crim. P. 3.850, and its two year time limit. Either under Wood or Fla. R.Crim. P. 3.850, Petitioner's claim is untimely. See also Major v. State, 790 So.2d 550, 551 (Fla. 3d DCA 2001)(stating that the type of claim advanced by the defendant whose federal sentence was enhanced based on a state conviction, i.e. the collateral consequences of the pleas, was not a claim cognizable in a writ or error coram nobis).
Assuming Petitioner's Motion were not untimely, it is successive. First, in case F88-39846B, Petitioner filed several motions trying to vacate his plea based on a Peart argument. See Peart v. State, 756 So.2d 42 (Fla.2000). His motions were denied and Petitioner filed a Writ of Habeas Corpus on June 27, 2002. In this Writ, Petitioner made some of the same arguments he is now bringing under this current Petition, inter alia, that he was denied effective assistance of counsel in the manner in which his plea was conveyed. The Court denied Petitioner's Habeas on July 11, 2002. Therefore, Petitioner's claim of ineffective assistance of counsel in the manner in which the plea was conveyed would be successive. Second, in case F91-6141, Petitioner appealed the denial of his 3.850 motion to the Third District Court of Appeal on the same Peart issue he has previously raised in his 1988 case. The Third District affirmed on October 5, 2001. See 3d DCA case docket 3D02-2467. Although Petitioner did not raise any of the same claims in that motion, which he is now raising, his current Petition is still time barred.
Even if Petitioner's claims were not time barred or successive, this Court would also deny Petitioner's claim based on well established Florida precedent. Although there is conflict among the districts regarding whether affirmative misadvice about collateral consequences of accepting a plea constitutes ineffective assistance of counsel, the Third District Court of Appeal has held that even affirmative misadvice does not constitute ineffective assistance of counsel. See Scott v. State, 813 So.2d 1025 (Fla. 3d DCA 2002)(holding that a defendant is not entitled to post-conviction relief where he has been given affirmative misadvice regarding possible sentence enhancing consequences of the plea in the event that the defendant commits a new crime in the future; that is so because the defendant is under a legal duty to refrain from committing further crimes)(emphasis added). See also Collier v. State, 796 So.2d 629, 630 (Fla. 3d DCA 2001)(holding that even assuming that the defendant's attorney had misadviced the client that his previous convictions could not be used to enhance future sentences, "[n]either the court nor counsel is required `to anticipate a defendant's future recidivism.'") (citation omitted). But see Dickey v. State, 2005 WL 350313, *2, ___ So.2d ___, ___ (Fla. 1st DCA 2005)(holding, in direct conflict with the Second, Third and Fifth Districts, that "allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are cognizable as an ineffective assistance of counsel claim.")
Finally, even if this Court were not bound by the decisions of the Third District, the Court finds that Petitioner's claim does not even raise a claim of "affirmative misadvice" on the part of his attorney. At best, Petitioner asserts that the court and his counsel, at the time of the plea, failed to inform him of the consequences that his 1988 and 1991 state convictions *570 could have in the future under a completely different federal scheme. As courts and attorneys cannot speculate about all the possible acts that defendants may commit in the future or their recidivism, Petitioner's claim is denied. See Collier, 796 So.2d at 630. See also Major, 790 So.2d at 551-552 (holding that "[a]s a matter of common sense, a defendant is already under a legal duty not to go out and commit more crimes in the future, regardless of whether the penalty is `ordinary' or enhanced. Neither the court nor counsel is required to advise a defendant what penalty he can expect to receive for crimes not yet committed. The defendant can avoid further sentencing consequences, enhanced or otherwise, by refraining from committing new crimes. Future sentence enhancement for a later crime is not a direct consequence of a plea at all, but is instead contingent first on the defendant's voluntary decision to commit another crime; second, on whether the new crime is one capable of having enhanced sentencing; and third, on the prosecutor's discretionary decision whether to seek enhancement. Future sentence enhancement is plainly a collateral consequence, not a direct consequence, of the defendant's plea in the earlier case.")
WHEREFORE, the Petition is DENIED with prejudice.
In the event that Petitioner takes an appeal of this order, the Clerk of this Court is hereby ordered to transmit, as part of this order, to the appellate court the following:
1. This Order Denying the Petition for Writ of Error Coram Nobis and attachments if any;
2. Petitioner's Petition for Writ of Error Coram Nobis filed on June 13, 2005.
IT IS FURTHER ORDERED that the Clerk of this Court shall serve upon Petitioner a copy of this Order Denying the Petition for Writ of Error Coram Nobis which shall serve to notify Petitioner of his right to appeal if filed within thirty (30) days of the rendition of this Order.
DONE and ORDERED in chambers, at Miami-Dade County, Florida, this 15 day of July, 2005.