ROTHENBERG, J.
Timothy Francis appeals the trial court’s order summarily denying his motion for postconviction relief. We affirm.
On January 11, 2011, the defendant pled guilty to attempted first degree premeditated murder with a deadly weapon. Based on his plea, the defendant was classified as a habitual violent felony offender, and he was sentenced to fifteen years’ imprisonment. Almost two years later, the defendant moved to vacate or set aside his conviction, or to correct his sentence, alleging that the trial court failed to determine at the time he entered his plea that there was a factual basis for his plea. Subsequently, the defendant added a claim that the trial court also erred by not sua sponte requiring a competency hearing to determine the defendant’s mental state at the time of the plea. The trial court denied the defendant’s motion to vacate, set aside, or correct his sentence. On appeal, the defendant claims the trial court erred by failing to: (1) conduct a competency hearing at the time of his plea; (2) conduct an evidentiary hearing on his motion for postconviction relief; and (3) provide record support for its denial of his motion.
The defendant’s claims are without merit. No evidentiary hearing was required as the record reflects that the trial court determined there was a factual basis for the plea at the time the plea was entered. The State’s proffer during the plea colloquy and defense counsel’s stipulation that there was a factual basis for the *69 plea satisfied the factual basis requirement of Florida Rule of Criminal Procedure 3.172(a). See Williams v. State, 316 So.2d 267, 273 (Fla.1975) (holding that a court may satisfy the factual basis requirement by “statements and admissions made by the defendant, his counsel, and the prosecutor .... ”). Thus, contrary to the defendant’s claim, the trial court complied with Florida Rule of Appellate Procedure 9.141(b)(2)(D) and no evidentiary hearing was required to refute the defendant’s claim.
The defendant’s claim that his plea and conviction should be set aside because the trial court failed to conduct a competency hearing at the time of the plea is also unavailing as this claim is procedurally barred. Claims involving a trial court’s obligation to sua sponte require a competency hearing may only be raised on direct appeal. See, e.g., Nelson v. State, 43 So.3d 20, 33 (Fla.2010) (holding that a trial court’s error in failing to conduct a competency hearing may only be brought on direct appeal) (citing James v. Singletary, 957 F.2d 1562, 1572 (11th Cir.1992)); Bundy v. State, 538 So.2d 445, 447 (Fla.1989) (holding that competency-based postcon-viction relief was procedurally barred because the defendant failed to raise the issue on direct appeal).
Because we conclude that the trial court correctly summarily denied the defendant’s motion for postconviction relief, we affirm.
Affirmed.