# Third District Court of Appeal

## State of Florida

Opinion filed May 2, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0523
Lower Tribunal No. 08-18752

_____

**Dexter Kemp,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Spencer J. Multack, Judge.

Ana M. Davide, for appellant.

Pamela Jo Bondi, Attorney General, for appellee.

Before SALTER, EMAS, and LINDSEY, JJ.

PER CURIAM.

We affirm the trial court's order summarily denying Appellant's petition for writ of error coram nobis. The trial court properly treated the petition as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which has supplanted the need for the writ of error coram nobis. See Wood v. State, 750 So. 2d 592, 594-95 (Fla. 1999). Accordingly, Appellant's postconviction motion is untimely pursuant to Rule 3.850(b) as it was filed more than nine years after his guilty plea and sentence were entered on August 15, 2008. See Medina v. State, 919 So. 2d 566, 568 (Fla. 3d DCA 2006) (quoting Wood, 750 So. 2d at 594) ("[A] petition for writ of error coram nobis must satisfy the two-year limitation of rule 3.850."). Moreover, Appellant's claim that his counsel was ineffective in failing to advise him that a guilty plea could be used against him in the future is misplaced. See Major v. State, 790 So. 2d 550 (Fla. 3d DCA 2001), approved, 814 So. 2d 424, 431 (Fla. 2002) ("[W]e hold that neither the trial court nor counsel has a duty to advise a defendant that the defendant's plea in a pending case may have sentence enhancing consequences on a sentence imposed for a crime committed in the future.").

Affirmed.